# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TERENCE SPELLS, and<br>(2) SHARON SPELLS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>(1) OMNI AIR INTERNATIONAL, LLC,<br><br>　　　　Defendant. | Case No. 21-cv-00310-JFH-CDL |

## CIVIL ACTION COMPLAINT

## (JURY TRIAL DEMANDED)

COMES NOW, Plaintiffs Terence Spells and Sharon Spells, by and through their undersigned counsel, and for their Complaint against Defendant, Omni Air International Inc., plead as follows:

## THE PARTIES AND JURISDICTIONAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Terence Spells is an individual and at all times relevant hereto was a resident of the state of Georgia.

2. Plaintiff Sharon Spells is an individual and at all times relevant hereto was a resident of the state of Georgia.

3. At all times relevant hereto, Plaintiffs were and are husband and wife. The claims asserted herein by Plaintiff Terence Spells are founded in personal injury and the claims of Sharon Spells are founded in loss of consortium.

4. Defendant Omni Air International, LLC ("Omni") is a business entity existing under the laws of the state of Nevada with its principal place of business in the state of Oklahoma at the Tulsa International Airport.

5. As pled in more detail below, Plaintiff Terence Spells was injured while he was a fare paying passenger aboard an international flight operated by Defendant Omni.

6. To the extent the country of Afghanistan is a signatory to The Convention for the unification of certain rules relating to international carriage by air, commonly known as The Warsaw Convention of 1929 and The Montreal Accords of 1999, the subject flight was an international carriage as defined and/or intended by the terms of said treaty.

7. Subject matter jurisdiction exists over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the matter in controversy exceeds $75,000. In addition, to the extent this matter arises under the treaties of the United States, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

8. This Court may exercise general personal jurisdiction over the Defendant because it maintains its principal place of business in Oklahoma.

9. Venue is proper in this District because the Defendant's principal place of business is located within this District at the Tulsa International Airport.

## THE ACCIDENT GIVING RISE TO THIS LAWSUIT

10. Defendant Omni is an air carrier that provides international passenger charter services.

11. On August 28, 2020, Omni operated a Boeing 767 aircraft on a flight originating in Kabul, Afghanistan with a destination at Washington D.C. with a scheduled refueling stop in Bucharest, Romania.

12. During the landing at Bucharest's international airport, one of the three landing gear of the subject Omni Boring 767 experienced a malfunction and collapsed causing the aircraft to skid down the runway.

13. Plaintiff Terence Spells was a passenger aboard the subject flight.

14. The Omni crew instructed the passengers to egress the aircraft through the emergency exits and descend down the inflatable emergency slides.

15. As a result of Omni's acts and omissions, Plaintiff Terence Spells suffered serious personal injuries as he egressed the aircraft and landed hard on the slide.

16. As a result of the acts and omissions of Omni, Terence Spells suffered personal injuries to his head, neck, back, torso, hips, legs, knees, ankles, and feet, including but not limited to torn tendons in his hip requiring surgical intervention, torn labrum requiring surgical intervention, torn rotator cuff requiring surgical intervention, a lumbar disc injury requiring surgical intervention; all of which inflicted serious personal injury to Terence Spells and will continue to do so into the future.

17. As a further result of the acts and omissions of Omni, Terence Spells has suffered lost income, medical bills, and will continue to lose income and incur medical bills in the future.

18. As a result of Terence Spells injuries, Sharon Spells has been deprived of his services and consortium.

## COUNT I

### (Negligence)

19. Plaintiff incorporates paragraphs 1 through 18 by reference as if fully set forth.

20. Defendant Omni was and is an operator of commercial and charter flight operations and as such owed duties to the Plaintiffs to ensure that the aircraft it operated was airworthy, free of defects, properly maintained, and otherwise safe for flight. Omni owed a duty to the Plaintiffs to properly and safely operate the flight

including following proper and safe procedures with respect to aircraft operation, landing, and emergency procedures. Omni also owed duties to the Plaintiffs under the common law to perform its duties as a reasonably prudent and careful aircraft operator would do so as to avoid personal injuries to its passengers.

21. In addition to duties imposed by common law, Omni also had duties imposed upon it by regulatory law to ensure that the aircraft it operated was airworthy, free of defects, properly maintained, and otherwise safe for flight. Omni had a duty to properly and safely operate the flight including following proper and safe procedures with respect to aircraft operation, landing, and emergency procedures.

22. Defendant Omni breached its duties owed to Plaintiffs as follows:

    a. failing to perform maintenance, inspections, repairs, and troubleshooting to the accident aircraft and its landing gear in a manner consistent with the standard of care applicable to commercial aircraft charter operators;

    b. failing to perform an appropriate pre-flight inspection of the accident aircraft and its landing gear in a manner consistent with the standard of care applicable to commercial aircraft charter operators;

  c. failing to operate and pilot the accident aircraft in a manner consistent with the standard of care applicable to commercial aircraft charter operators:

  d. failing to perform emergency egress procedures in a manner consistent with the standard of care applicable to commercial aircraft charter carriers.

  e. failing to properly instruct, train, and educate its mechanics, pilots, and flight attendants on the proper maintenance, piloting, and emergency procedures consistent with the standard of care applicable to commercial aircraft charter carriers.

  f. acting carelessly and recklessly with respect to the maintenance, piloting, and emergency egress procedures in connection with the aircraft and flight.

  g. failing to take all measures necessary to avoid harm to its passengers.

23. As a proximate cause of the acts and omissions of Defendant Omni, Plaintiffs suffered personal injuries and/or damages as set forth in paragraphs fifteen through 18 above.

WHEREFORE, Plaintiffs Terence Spells and Sharon Spells demand judgment against Defendant Omni for compensatory damages, punitive damages, interest, and

if recoverable, attorneys' fees and costs, as well as any other award for damages allowable under the law or otherwise deemed appropriate by the Court.

## COUNT II

## BREACH OF CONTRACT

24. Plaintiff incorporates paragraphs 1 through 23 by reference as if fully set forth.

25. Defendant Omni was and is an operator of commercial and charter flight operations and Plaintiff was a fare paying customer, wither individually and/or through charter service contract between Defendant and Plaintiff's employer.

26. As such, a contract existed to which Plaintiffs were direct and or third-party beneficiaries. Plaintiff is not in possession of said contract but reasonably believes Defendant is in possession of the document.

27. Defendant Omni breached the contract as follows:

    a. failing to perform maintenance, inspections, repairs, and troubleshooting to the accident aircraft and its landing gear in a manner consistent with the standard of care applicable to commercial aircraft charter operators;

    b. failing to perform an appropriate pre-flight inspection of the accident aircraft and its landing gear in a manner consistent with the standard of care applicable to commercial aircraft charter operators;

  c. failing to operate and pilot the accident aircraft in a manner consistent with the standard of care applicable to commercial aircraft charter operators:

  d. failing to perform emergency egress procedures in a manner consistent with the standard of care applicable to commercial aircraft charter carriers.

  e. failing to properly instruct, train, and educate its mechanics, pilots, and flight attendants on the proper maintenance, piloting, and emergency procedures consistent with the standard of care applicable to commercial aircraft charter carriers.

  f. acting carelessly and recklessly with respect to the maintenance, piloting, and emergency egress procedures in connection with the aircraft and flight.

  g. failing to take all measures necessary to avoid harm to its passengers.

28. As a proximate cause of the acts and omissions of Defendant Omni, Plaintiffs suffered personal injuries and/or damages as set forth in paragraphs fifteen through 18 above.

WHEREFORE, Plaintiffs Terence Spells and Sharon Spells demand judgment against Defendant Omni for compensatory damages, punitive damages, interest, and

if recoverable, attorneys' fees and costs, as well as any other award for damages allowable under the law or otherwise deemed appropriate by the Court.

## COUNT III

## LIABILITY PURSUANT TO MONTREAL CONVENTION

29. Plaintiff incorporates paragraphs 1 through 28 by reference as if fully set forth.

30. In the event this case is subject to the Montreal Convention, the subject flight constitutes international carriage as defined by that treaty.

31. Upon information and belief, the countries of origin and final destination were both signatories to the Montreal Convention as drafted in 1999.

32. At all times relevant hereto, Defendant Omni was a carrier providing international carriage by air to Plaintiff Terence Spells under the terms of the Montreal Convention.

33. The events giving rise to Plaintiff Terence Spells' personal injuries constitute a compensable accident as defined by the Montreal Convention.

34. As such, Defendant is strictly liable to compensate Plaintiffs up to the amount of the applicable Special Drawing Rights.

35. Plaintiffs are entitled to damages in excess of the Special Drawing Rights due to the acts and omissions of the Defendant which it failed to prevent and/or caused for the following reasons:

a. failing to perform maintenance, inspections, repairs, and troubleshooting to the accident aircraft and its landing gear in a manner consistent with the standard of care applicable to commercial aircraft charter operators;

b. failing to perform an appropriate pre-flight inspection of the accident aircraft and its landing gear in a manner consistent with the standard of care applicable to commercial aircraft charter operators;

c. failing to operate and pilot the accident aircraft in a manner consistent with the standard of care applicable to commercial aircraft charter operators:

d. failing to perform emergency egress procedures in a manner consistent with the standard of care applicable to commercial aircraft charter carriers.

e. failing to properly instruct, train, and educate its mechanics, pilots, and flight attendants on the proper maintenance, piloting, and emergency procedures consistent with the standard of care applicable to commercial aircraft charter carriers.

f. acting carelessly and recklessly with respect to the maintenance, piloting, and emergency egress procedures in connection with the aircraft and flight.

  g. failing to take all measures necessary to avoid harm to its passengers.

36. As a proximate cause of the acts and omissions of Defendant Omni, Plaintiffs suffered personal injuries and/or damages as set forth in paragraphs fifteen through 18 above.

WHEREFORE, Plaintiffs Terence Spells and Sharon Spells demand judgment against Defendant Omni for compensatory damages, punitive damages, interest, and if recoverable, attorneys' fees and costs, as well as any other award for damages allowable under the law or otherwise deemed appropriate by the Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of twelve (12) on all of the above counts.

        Respectfully Submitted:

        /s/ Scott F. Lehman
        Scott F. Lehman, OBA No. 15908
        Ashley M. Bibb, OBA No. 17456
        LATHAM, STEELE, LEHMAN,
        KEELE, RATCLIFF, FREIJE & CARTER, P.C.
        1515 E. 71st St., Suite 200
        Tulsa, Oklahoma 74136
        slehman@law-lsl.com
        abibb@law-lsl.com
        Tel:  (918) 970-2000
        Fax:  (918) 970-2002

        *Attorneys for Plaintiffs*